**In re Monty HOEFFLIN, Petitioner.**

**No. 83-1031.**

United States Court of Appeals, Eighth Circuit.

Submitted May 19, 1983.

Decided Aug. 31, 1983.

---

Duane A. Lillehaug, Dosland, Dosland & Nordhougen, Moorhead, Minn., for petitioner Hoefflin.

Rodney S. Webb, U.S. Atty., Gary Annear, First Asst. U.S. Atty., Fargo, N.D., for appellee.

Ronald I. Meshbesher, Vice President, Nat. Ass'n of Crim. Defense Lawyers, Minneapolis, Minn., Alan Ellis, Chairman, Amicus Curiae Committee, Nat. Ass'n of Crim. Defense Lawyers, Philadelphia, Pa., for amicus curiae.

Before ROSS, ARNOLD and JOHN R. GIBSON, Circuit Judges.

ROSS, Circuit Judge.

This matter arises as a result of an order issued by the district court for the District of North Dakota[1] directing the petitioner, Monty Hoefflin, to testify before the grand jury or submit to a polygraph examination. Hoefflin seeks relief pursuant to the All Writs Act, 28 U.S.C. § 1651. Because Hoefflin has failed to state a set of facts which could amount to a showing of present injury, we decline to grant the requested writ of prohibition.

On November 16, 1982, Hoefflin appeared before a grand jury in Fargo, North Dakota, pursuant to a subpoena issued for his appearance. Hoefflin testified before the grand jury and his testimony directly contradicted that of two government witnesses. Following Hoefflin's testimony, he was advised by the grand jury that it was ordering him to take a polygraph examination. On November 17, 1982, Hoefflin filed a motion with the district court requesting that the court quash the grand jury's order requiring him to take a polygraph examination. Hoefflin also requested that the court schedule a full hearing on this matter. On December 9, 1982, the United States Attorney filed a motion pursuant to 18 U.S.C. § 6001 *et seq.*, requesting an order of the court compelling Hoefflin to give testimony or submit to a polygraph examination. The district court issued an order directing Hoefflin to "give testimony or submit himself to a polygraph examination" under 18 U.S.C. § 6002. Following entry of this order, Hoefflin filed his petition for a writ of prohibition with this court.

A federal court lacks the power to issue a judgment in a case unless it involves an actual controversy between adverse parties in an adversary proceeding. *Vorbeck v. Schnicker,* 660 F.2d 1260, 1265 (8th Cir. 1981), *cert. denied,* 455 U.S. 921, 102 S.Ct. 1278, 71 L.Ed.2d 462 (1982). Though the Supreme Court has relaxed somewhat its requirement that claimants must engage in prohibited activity in order to present an actual controversy, the injury still must be clearly impending: *Babbitt v. United Farm Workers National Union,* 442 U.S. 289, 298, 99 S.Ct. 2301, 2308, 60 L.Ed.2d 895 (1979).

1. The Honorable Paul Benson, Chief Judge, United States District Court for the District of North Dakota.

In the instant case, there is no impending injury because there has been no violation of the district court's order. The district court phrased the order in the alternative directing Hoefflin to "give testimony *or* submit himself to a polygraph examination." Since Hoefflin has already given testimony, it does not seem probable that an actual controversy will arise under the court order. If he is finally ordered by the district court to take a lie detector test, the petitioner may then file a petition requesting a writ of prohibition and this court will then pass on it.

In summary, we hold that the dispute before us is not "ripe" for judicial resolution. Under the mandate of Article III of the United States Constitution, we may not issue an advisory opinion in the absence of a definite and concrete controversy. Therefore, we deny the petition for a writ of prohibition.